D’^nceii, Judge,
 

 after stating the case as above, proceeded : — Skinner, under his alleged purchase from himself} acquired no title to the slave; and the charge of the Court that the sale was void was undoubtedly correct. But it appears that afterwards, the plaintiff became of sound mind, and in the year 1822, came to a settlement with Skinner, received his property, and gave a receipt in full to Skinner, as his guardian. Skinner had paid a fair price for the slave, and the plaintiff had received the benefit of the purchase money. Skinner, under these circumstances, retained the possession of the slave as his own property, up to his death, in the year 1836, when his executors took possession and hired the slave to the defendant, as the property of their testator. When the plaintiff came of sound mind in 1822, he had a right to make the settlement with his committee, although the inquisition had not been reversed by any order of Court. After this settlement,
 
 *500
 
 Skinner’s character as trustee ceased. His retaining the possession of the slave as his own property from that time uP ,0 >’ear when the writ was issued, seems to us to be a possession sufficiently adverse, for the statute of limitations to operate upon it. The receipt given by the plaintiff is evidence that he had demanded all the property that was due him. Skinner’s afterwards holding the possession of the slave as his own property, gave the plaintiff a right of action, and the act of limitations began to run cotemporaneously with the accrual of the plaintiff’s right of action. We are of opinion that there must be a new trial.
 

 Per Curiam. Judgment reversed.